IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KERNELIUS MARQUIS SHEPHERD, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-397 |
| TDCJ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kernelius Marquis Shepherd, Sr., an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On November 17, 2023, Plaintiff was ordered to submit either the full filing fee, $402.00, or an Application to Proceed *In Forma Pauperis* and a statement certified by an authorized prison official showing the average balance in and deposits into Plaintiff's inmate trust account for the preceding six months. Plaintiff's compliance was due on or before the expiration of twenty (20) days from the date of the order.

Plaintiff failed to comply with the order of the court. Accordingly, on December 12, 2023, a report and recommendation was entered recommending dismissal of the action based on Plaintiff's failure to submit either the full filing fee or a proper Application to Proceed *In Forma Pauperis*.

On January 8, 2024, Plaintiff submitted a letter to the court stating that he was trying to obtain the statement of his account for the preceding six months. Plaintiff's letter was liberally interpreted as a motion for extension of time to submit the statement of his inmate account as previously ordered. Accordingly, on January 25, 2024, the court granted Plaintiff an extension of fifteen days to comply with the court's previous order to either pay the full filing fee or submit a

proper Application to Proceed *In Forma Pauperis*. Plaintiff's compliance was due on or before February 9, 2024.

On February 9, 2024, Plaintiff submitted another letter to the court. While not clear, Plaintiff appears to claim he filed his Application to Proceed *In Forma Pauperis* on January 18, 2024 in the Beaumont Division of the United States District Court for the Eastern District of Texas with Anquintia Tremble.[1] However, the court does not have an employee by that name and the docket does not reflect an Application has been filed. Further, the TDCJ has established procedures for compliance with the fee-payment requirements of the Prison Litigation Reform Act, and court intervention is not necessary. *See Morrow v. Collins*, 111 F.3d 374, 375-76 (5th Cir. 1997). Plaintiff has neither alleged nor demonstrated he complied with the established procedures, and the court has not received the Application and statement of his prisoner account from prison authorities.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

As of this date, Plaintiff has failed to either pay the filing fee or submit an Application to Proceed *In Forma Pauperis* as ordered. Accordingly, Plaintiff has failed to diligently prosecute this case. Therefore, this action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Recommendation

This action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

---

[1] In his letter, Plaintiff also refers to a Writ of Mandamus filed to allegedly have the court amend his birth certificate. Further, Plaintiff claims a beloved ancestor has touched his soul and stated that "he has been appointed to be governor of Texas to allow Greg Abbot [sic] to respectfully retire by the divine rule to initiate an [sic] divining rod for my grandfather Willie James Sanders for my successfully greatgrand father [sic] Otunbalogun Oluwafemi to be the govoner [sic]."

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 9th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE